# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| Mark Bauersachs, Marcieli Bauersachs | ) | Case No. *20-CV-40126-TSH* |
| | ) | *(to be filled in by the Clerk's Office)* |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)*  ☐ Yes  ☑ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| Associate Justice David Douglas Kerman, | ) | |
| Central Housing Court of Massachusetts | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

    A. **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Mark & Marcieli Bauersachs |
| Street Address | 5 Patriot Lane |
| City and County | Hudson, |
| State and Zip Code | Massachusetts |
| Telephone Number | 978-562-1734 |
| E-mail Address | mark23289@yahoo.com |

    B. **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                              David Douglas Kerman

    Job or Title *(if known)*        Associate Housing Court Justice

    Street Address              [Deceased]

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name                              Central Housing Court of Massachusetts

    Job or Title *(if known)*

    Street Address              225 Main St., Worcester, MA 01608

    City and County           Worcester

    State and Zip Code       Massachusetts, 01608

    Telephone Number       (508) 831-2050  (Clerk's Office)

    E-mail Address *(if known)*    CentralHousingCourt@jud.state.ma.us

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question            ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Due process, the legal requirement that the state must respect all legal rights that are owed to a person, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S. Code §1983.   Civil action for deprivation of rights .  Violation of due process rights by state officials under color of state law.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the

State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated

under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)* _____

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of

the State of *(name)* _____ . Or is a citizen of

*(foreign nation)* _____ .

      b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Please see the attachment  (5 pages)

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Injunctive and/or declaratory relief, including: (i) enjoining the Housing Court from removing a landlord's default after jury trial, where the tenant answered and showed up for trial, and where removal is with prejudice to the tenant/defendant, (ii) staying final judgment in Mass. Central Housing Court cases 15-SP-1462 & 15-SP-3345, (iii) ordering further judicial review in 15-SP-1462 and 15-SP-3345 consistent with the landlord's default at trial and in accordance with Mass. laws, including G.L.c. 239 Section 3, G.L.c. 239 Section 8A, G.L.c. 239 Section 5, and the Memorandum and Order of the Appeals Court (2016-P-0092).   No monetary relief is requested.

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:              10/07/2020

Signature of Plaintiff
Printed Name of Plaintiff        Mark Bauersachs, Marcieli Bauersachs,  Pro Se

### B.      For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

## ATTACHMENT TO COMPLAINT

### Bauersachs et al v. Kerman et al

### Facts of the Case

1. The Bauersachs were no-fault, tenants/defendants in two summary process actions docketed in the Central Housing Court (Worcester): 15-SP-1462 & 15-SP-3345. Bauersachs answered the first complaint with a negative defense and jury trial demand. The defense was that the landlords had unlawfully started the action before the notice to terminate expired. The court allowed the landlords to "cure" the first action by starting a second summary process action.  Bauersachs answered the second complaint with affirmative defenses which gave Bauersachs the right to possession.  The affirmative defenses were (i) the landlord violated the Mass. consumer protection act by bringing the first case before the notice expired, with statutory penalties, and (ii) the landlord's actions were malicious and breached the covenant of quiet enjoyment, with statutory penalties. A jury trial was claimed in the second case.

2. Before trial, the Housing Court entered summary judgments for the landlords in both cases. On appeal, a Memorandum and Order of the Mass. Appeals Court vacated the summary judgments in both cases and ordered the Housing Court to determine Bauersachs' counterclaims in the second case, which were affirmative defenses against possession by the landlord/plaintiffs. (See Appeals Court case no. 2016-P-0092). The Appeals Court referenced precedent in Meikle v. Nurse, which affirmed that a no-fault, tenant-at-will retains possession under the law if the landlord owes monetary penalties to the tenant for violations of housing laws.   The two cases went to jury trial on October 23, 2017.

3. Prior to the date of trial, the landlord/plaintiffs filed no voluntary motion to dismiss either case.  Both the tenants/defendants and landlord/plaintiffs appeared before the court on the day of trial. At the opening of their case in front of the jury, the landlords/plaintiffs defaulted. Default was effected by (i) stipulating nonsuit to all claims against the Bauersachs in both cases, and (ii) resting their case without presenting any evidence proving a right to possession in either of the two cases. Bauersachs timely entered a written motion for a directed judgment. The court did not rule on the motion during trial. Hon. Judge David D. Kerman was the trial judge. Against objection by Bauersachs, Hon. Judge Kerman allowed the landlords to nonsuit with prejudice to counterclaims. The landlords had the burden of proving the first case was not brought before the notice expired, a clear violation of the consumer protection act claimed as an affirmative defense in the second action. The default at trial, without prior notice, had the unfair effect of shifting the burden of proof to Bauersachs (i.e. whether or not the first case was brought before the notice expired in violation of consumer protection law). Hon. Judge Kerman allowed the landlords to default by instructing the jury that the landlord/plaintiffs had abandoned all claims and had no burden of proof.  Judge Kerman instructed the jury that only Bauersachs had a burden of proof.

Complaint: Bauersachs et al v. Kerman et al. October 7, 2020, Federal District Court, Worcester MA.

4. Hon. Judge Kerman then removed from the jury instructions all genuine issues of material fact related to the landlord's claims of a right to possession. Against timely objection before the jury was sequestered, Hon. Judge Kerman also struck from the jury instructions all genuine issues of material fact associated with Bauersachs' counterclaims, which were affirmative defenses against the landlord's right to possession. In striking all claims and counterclaims, Hon. Judge Kerman removed the tentant/defendants' proposed jury instructions with five pages of material facts to be decided by the jury. Instead, Hon. Judge Kerman gave the jury a single, blank sheet of paper and instructed the jury to decide if court-ordered Use and Occupancy payments were too low or too high, an issue which neither the landlords nor tenants raised in the pleadings or arguments to the jury. Judge Kerman instructed the jury to write a dollar value on the sheet of paper. The jury returned a verdict of "zero dollars for the landlord" on the sheet of paper.

5. Upon the verdict of zero dollars, Hon. Judge Kerman entered an order which (i) removed the Landlord's default, (ii) restored the landlord's claims to possession in both cases, (iii) entered final judgment for the landlords for possession of the property in both cases, and (iv) ordered Bauersachs to pay court costs to the landlords (!). The stunning order and final judgment was tested in post-trial motions, including: (i) a motion for judgment notwithstanding the verdict, (ii) motion to correct the record (since the Bauersachs had won possession on the law), and (iii) motion for costs. All of these post-trial motions were denied. The effect was a *de facto* summary judgment for the landlords, denying Bauersachs the right under the Mass. state constitution to have a jury decide the material issue of facts in the two cases. The effect was to violate the Memorandum and Order of the Appeals Court, a valid declaratory decree which was the "law of the case." The effect was to allow the landlord to retain the Use and Occupancy payments totaling $10,200 dollars, even though the landlord had defaulted. The final effect was the insult of ordering Bauersachs to pay court costs to the landlords, who defaulted at trial and so owed costs to Bauersachs under the law.

6. The Plaintiffs in this federal civil rights case allege that, at trial, Hon. Judge Kerman used the fact that the landlords nonsuited to *sua sponte* strike the Bauersachs' counterclaims from a jury decision, severing them from the case since they were technically no longer affirmative defenses. This is allowed by Mass. Uniform Summary Process Rule 5 (see commentary, counterclaims which are not affirmative defenses may be severed by the court). After trial ended, Plaintiffs allege that Hon. Judge Kerman then used his power under Mass. Uniform Summary Process Rule 10(c) to remove the landlord's default and restore the landlord's claims. The Rule 10(c) states: "*A default or a dismissal may be removed at the court's discretion, on its own initiative or on motion of either party in writing, at any time prior to the entry of judgment on such default or dismissal.*" With the trial over, and no affirmative defenses left standing after being severed from the case, Hon. Judge Kerman's order was, in effect, a de facto summary judgment for the landlords. It was a neat trick, fully within the rules of the court. Hon. Judge Kerman used the rules of the court to vacate the Memorandum and Order of the Appeals Court, violate Bauersachs' right to a jury trial, violate Bauersachs' right to possession of the property under the law, and Bauersachs' right to the return of Use and Occupancy payments, and allow the landlords to escape court costs.

Complaint: Bauersachs et al v. Kerman et al. October 7, 2020, Federal District Court, Worcester MA.

7. As a final insult to injury, the court denied a motion for a new trial for the counterclaims severed from the landlord's case at trial.

## Cause of Action

8. [All paragraphs above are repeated here as if typed word for word]

9. The cause of action in this case is the constitutional validity of <u>Mass. Trial Court Rule 1—Uniform Summary Process Rule 10(c)</u>, which gives a Housing Court judge the extraordinary power to remove a landlord's default at any time after jury trial but prior to entry of final judgment. The Plaintiffs allege this extraordinary power violates Mass. state laws and the due process rights of Mass. tenants under the US Constitution. The rule states: "*A default or a dismissal may be removed at the court's discretion, on its own initiative or on motion of either party in writing, at any time prior to the entry of judgment on such default or dismissal.*" The extraordinary power to remove a landlord's default after jury trial, but before entry of judgment,  is in direct conflict with Mass. laws and the state constitution, including: (i) Mass. G.L.c. 239 Section 3, which states that if a landlord defaults, either through nonsuit or failure to prove the right to possession, judgment and costs go to the tenant; (ii)  Mass. G.L.c. 239 Section 8A, which allows a tenant-at-will in good standing to bring counterclaims which are identically affirmative defenses against the landlord's right to possession; (iii)   Mass. G.L.c. 239 Section 5, which returns Use and Occupancy payments to the tenant after a landlord defaults; (iv)  the Mass. Constitution, which gives every tenant the right to have a jury decide genuine issues of material fact in landlord-tenant disputes; (v) Mass. G.L.c. 211 Section 3, which proscribes the rules of the court from superseding any general law.

10. By attempting to supersede these laws, the extraordinary power granted a housing court judge in Mass. Uniform Summary Process Rule 10(c) violates the proscription in Mass. G.L.c. 211 Section 3 against a court rule superseding any general law: "*general superintendence shall not include the authority to supersede any general or special law.*"  Therefore, the extraordinary power granted to a housing court judge by Mass. USPR Rule 10(c), i.e. to remove a landlord's default after trial but before entry of judgment, violates Mass. state law and a Mass. tenant's right to due process under the US Constitution.  The defendants, in their official capacities as employees of Massachusetts, and under color of state law, have violated the plaintiffs' right to due process under the US Constitution.

11. The validity of USPR Rule 10(c) is under review in this case and so, in accordance with the Supreme Court's decision in <u>Exxon Mobile Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284, 125 S.Ct 1517, 161 L.Ed.2d 454 (2005):, the defendants may not invoke <u>Rooker-Feldman</u> doctrine to dismiss this case. The validity of URSP Rule 10(c) is under review in this federal action.  In creating USPR Rule 10(c), the Mass. state courts have acted legislatively (in fact, Mass. courts routinely refer to the court's rules as laws). This review is entirely independent of the harm caused to the plaintiffs by the defendants in the underlying summary process actions.  The plaintiffs do not request a review of the application of URSP Rule 10(c) to their particular case.

Case 4:20-cv-40126-TSH   Document 2   Filed 10/07/20   Page 9 of 10

Complaint: Bauersachs et al v. Kerman et al.  October 7, 2020, Federal District Court, Worcester MA.

However, in accordance with Exxon, if this federal review determines that URSP Rule 10(c) is unconstitutional, then injunctive and/or declaratory relief may be granted by this court in the underlying cases. No monetary damages are claimed.

12. Bauersachs has standing to bring this federal action. The Memorandum and Order of the Appeals Court is the "law of the case" and a valid declaratory decree. (See 2016-P-0092 Memorandum and Order, publically available). Hon. Judge Kerman violated the Memorandum and Order by using the unlawful powers granted him in USPR Rule 10(c).    42 USC Section 1983 allows injunctive relief against a judicial officer if a declaratory decree was violated. Upon motion by the Plaintiffs, the Appeals Court decided not to enforce the Memorandum and Order and no further judicial review is possible within the state court (see 2016-P-0092 docket, final entry).

13. The venue is correct:  the underlying housing court cases were docketed in the Central Housing Court in Worcester, MA.  All of the records of the case are in the Central Housing Court in Worcester MA.  The cases were originally heard in the Marlborough District Courthouse under the original jurisdiction of the Central Housing Court.

14. The timing is correct:  the underlying violation of civil rights took place October 23, 2017 which is less than three years ago.  The statute of limitations for federal civil rights cases follows the local state's rules regarding statute of limitations.  For Massachusetts, the rule is 3 years.

15. The defendants are correct:  Hon. Judge David D. Kerman presided over the jury trial in the underlying case, and the underlying action was docketed in the Central Housing Court located in Worcester Ma.  Immunity does not apply:  the Plaintiffs do not seek monetary relief from the defendants.  Only injunctive and/or declaratory relief is sought against entry of final judgment in the underlying cases. See also Pulliam v. Allen, 466 U.S. 522 (1984), in which the Supreme Court found that judicial immunity is not a bar to injunctive relief against a judicial officer acting in his judicial capacity.

16. Plaintiffs learned from public records that Hon. Judge Kerman is deceased (may he R.I.P). As he is a defendant in his official capacity as a Housing Court judge, the Worcester Housing Court is a reasonable party to represent his official acts in this case.  The state's Attorney General's Office has also been apprised of the opening of this case (by e-mail to Ms. LaRonica Lightfoot).

17. No jury trial is requested:  the facts of the case are documented in the court's docket records and the trial transcript.  The issues raised in this action are therefore purely on questions of law.

Complaint: Bauersachs et al v. Kerman et al. October 7, 2020, Federal District Court, Worcester MA.

## Requested Relief

The plaintiffs request that, after finding Mass. URSP Rule 10(c) violates due process rights under the US Constitution, injunctive and/or declaratory relief be granted the plaintiffs, including: (i) enjoining the Housing Court from removing a landlord's default after jury trial, where the tenant answered and showed up for trial, and where such a removal is with prejudice to the tenant/defendant, (ii) staying final judgment in Mass. Central Housing Court cases 15-SP-1462 & 15-SP-3345, (iii) ordering further judicial review in 15-SP-1462 and 15-SP-3345 consistent with the landlord's default at trial and in accordance with Mass. law, including G.L.c. 239 Section 3, G.L.c. 239 Section 8A, and G.L.c. 239 Section 5.  No monetary relief is requested.


Mark Bauersachs                              Marcieli Bauersachs