UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
**MARK BAUERSACHS and**                     )
**MARCIELI BAUERSACHS,**                    )        CIVIL ACTION
         **Plaintiffs,**         )        NO.  4:20-40126-TSH
                                            )
         **v.**                  )
                                            )
**ASSOCIATE JUSTICE DAVID D.**              )
**KERMAN and MASSACHUSETTS**                )
**CENTRAL HOUSING COURT,**                  )
         **Defendants.**         )
_____  )


**ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION
FOR ENTRY OF DEFAULT JUDGMENT (Docket Nos. 10 and 16)**

**FEBRUARY 3, 2021**

**HILLMAN, D.J.,**

Plaintiffs Mark and Marcieli Bauersachs filed this 42 U.S.C. § 1983 action challenging the constitutionality of Mass. Uniform Summary Process R. 10(c): Removal of dismissal or default.[1] They seek injunctive and declaratory relief, including: "(ii) staying final judgment in Mass. Central Housing Court cases 15-SP-1462 & 15-SP-3345" and "(iii) ordering further judicial review in 15-SP-1462 and 15-3345 . . ."  (Compl. at 4, Docket No. 2).  On January 28, 2021, the First Circuit affirmed my colleague's well-reasoned decision to dismiss— with prejudice and without leave to amend—a prior case brought by the same Plaintiffs challenging the constitutionality of a different

---

[1] Under R. 10(c), Massachusetts judges adjudicating summary process (eviction) proceedings may remove a default or dismissal "at the court's discretion, on its own initiative or on motion of either party in writing, at any time prior to the entry of judgment on such default or dismissal."

Massachusetts court rule pursuant to the *Rooker-Feldman* doctrine. *Bauersachs v. Englander*, Case No. 1:19-cv-10295-ADB, Docket No. 33.

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments." *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 20 (1st Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005)). As they do here, in *Englander* Plaintiffs also sued state judges seeking relief from final state court judgments entered against them, even though they presented their case as an independent constitutional challenge to a state court rule. *Bauersachs v. Englander*, Case No. 1:19-cv-10295-ADB, Docket No. 1 at 7. The First Circuit held in *Bauersachs v. Englander* that "[p]laintiffs-appellants' attempt to reframe the case as an independent challenge to Massachusetts law is 'felled by their own complaint.'" *Id.* at 1 (citing *Tyler v. Supreme Judicial Court of Massachusetts*, 914 F.3d 44,48 (1st Cir. 2019) (citations omitted).

There are no distinguishing facts in this case which will allow Plaintiffs to escape the same fate. The First Circuit's decision in *Englander* makes clear that their claims here are similarly barred by the *Rooker-Feldman* doctrine. Because the Court lacks subject matter jurisdiction to hear this case, the Defendant's Motion to Dismiss (Docket No. 16) ***is granted*** without reaching the claim-splitting and Eleventh Amendment arguments and the Plaintiffs' Motion for Entry of Final Default Judgment (Docket No. 16) is ***denied as moot***. The action is ***dismissed with prejudice***.

**SO ORDERED.**                                                                                          */s/ Timothy S. Hillman*
                                                                                                                      **TIMOTHY S. HILLMAN**
                                                                                                                      **DISTRICT JUDGE**